UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK WARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0604-B |
| | § | |
| PARKLAND HEALTH & | § | |
| HOSPITAL SYSTEM, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Pending before the Court are Defendants Parkland Health & Hospital System and Dallas County Jail Health's ("Defendants") Motion to Dismiss (doc. 18) and Motion for Summary Judgment (doc. 22). Having considered the motions, briefing, evidence, and applicable law, the Court is of the opinion that Defendants' Motion for Summary Judgment (doc. 22) should be and hereby is **GRANTED**. Accordingly, Defendants' Motion to Dismiss (doc. 18) is **DENIED as moot**.

### I.

### BACKGROUND

This is a case arising pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff Patrick Ward ("Ward"), proceeding *pro se*, initiated this action on February 2, 2008, in the 14th Judicial District Court of Dallas County, Texas. (Orig. Pet.; Notice of Removal 1-2.) Defendants removed the action to this Court on April 8, 2008. (Def.s' Notice of Removal.) In his sworn complaint, as amended, Ward alleges that Defendants denied him reasonable and necessary medical care while he was incarcerated at the Dallas County Jail in violation of the Eighth Amendment of the United

States Constitution. (Am. Compl. 1-3.)

In February 2002, prior to Ward's incarceration, he was diagnosed as having an inguinal hernia. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 293 (Outpatient Progress Notes), App. 349 (Aff. of Dr. Skinner).) Several years later, on July 7, 2006, Ward was scheduled for surgery to repair the hernia. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 314 (Pre-Operative Work Up), App. 350 (Aff. of Dr. Skinner).) The scheduled surgery could not be performed, however, as Ward tested positive for cocaine on the day the procedure was to occur. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 322 (Pre-Operative Work Up), App. 350 (Aff. of Dr. Skinner).) Ward was re-scheduled for surgery on two different occasions, but he failed to report to the clinic for each of these appointments. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 345-46 (Progress Notes Follow Up Outpatient Dep't), App. 350 (Aff. of Dr. Skinner).)

Ward was subsequently incarcerated at the Dallas County Jail on August 7, 2007. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 349 (Aff. of Dr. Skinner).) Upon his confinement, nurses noted the existence of the hernia. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 51 (Central Intake Form), App. 350 (Aff. of Dr. Skinner).) Towards the end of August, Ward requested a bottom bunk, claiming the request was necessary because of his hernia. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 67 (Nursing Clinic Notes), App. 351 (Aff. of Dr. Skinner).) This request was honored, and Ward was assigned a bottom bunk. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 67 (Nursing Clinic Notes), App. 351 (Aff. of Dr. Skinner).) Ward did not complain of his hernia again until October and November 2007, when he informed nurses that the hernia was causing him pain, and submitted sick call requests to the jail health center. (Def.'s Br. in Supp. of Mot. for Summ. J. App. 83, 96 (Nursing Clinic Notes), App. 99 (Sick Call Request), App. 351 (Aff. of Dr. Skinner).) On

December 5, 2007, a Dr. Flangin submitted an Ambulatory Services Referral Form to Parkland Health and Hospital System ("Parkland"), requesting a surgical consultation for Ward. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 107 (Ambulatory Serv. Referral Form), App. 352 (Aff. of Dr. Skinner).) A second request for a surgical consultation was submitted by a Dr. Malik on December 27, 2007, on Ward's behalf. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 118 (Ambulatory Serv. Referral Form), App. 353 (Aff. of Dr. Skinner).) On February 14, 2008, a Dr. Azeem assessed Ward's condition, and sent him to Parkland for an examination into whether there was a need for emergency surgery. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 129 (Provider Clinic Notes), App. 353 (Aff. of Dr. Skinner).) Care providers at Parkland determined there was no need for emergency surgery, and sent Ward back to Dallas County Jail. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 130 (Nursing Clinic Notes), App. 353 (Aff. of Dr. Skinner).) Five days thereafter, Ward was released from Dallas County Jail and into the custody of the Texas Department of Criminal Justice. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 354 (Aff. of Dr. Skinner).)

The crux of Ward's complaint is that unidentified medical professionals within the Dallas County Jail were deliberately indifferent to his medical needs with regard to his inguinal hernia.[1]

---

[1] Ward was no stranger to the jail clinic, as he was treated for multiple ailments in addition to his inguinal hernia. His other treatment regiments included prescription medication for depression, physical examinations for alleged bruises and broken bones, and treatment for arthritis. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 349-53 (Aff. of Dr. Skinner).) Ward limits his eighth amendment claim solely to the treatment of his hernia. (*See generally* Am. Compl.) It is worth noting, however, that in the majority of his many visits to the clinic, Ward did not complain about his hernia. (*See, e.g.,* Def.s' Br. in Supp. of Mot. for Summ. J. App. 349-53 (Aff. of Dr. Skinner).) On one occasion, Ward expressed to the nurse on duty that he only went to the clinic because he got bored in his cell. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 73 (Nursing Clinic Notes).)

(Am. Compl. 1-5.) Defendants filed the instant motion for summary judgment (doc. 22),[2] maintaining that they cannot be liable because state entities are not vicariously liable for the actions of their employees, and because Ward was never deprived of a constitutional right. Ward has not filed a response to Defendants' summary judgment motion. The motion now being ripe,[3] the Court turns to the merits of its decision.

## II.

## LEGAL STANDARDS

*A.     Summary Judgment Standards*

Summary judgment is appropriate when the pleadings and record evidence show no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden falls upon the movant to prove that no genuine issue of material fact exists.

---

[2]Defendants have also filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (doc. 18). In that Motion, Defendants argue that the claims against them should be dismissed because Ward did not list Defendants as parties in his amended complaint. Ward's amended complaint does, however, continue to list Defendants in the caption. Because motions to dismiss are viewed with disfavor and rarely granted, *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004), and because *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Kelso v. Paulson*, 2009 WL 972997, at *5 (N.D. Tex. Apr. 9, 2009) (Boyle, J.), the Court declines to address this argument, and instead turns to Defendants' arguments in their motion for summary judgment (doc. 22). Because the Court grants this latter motion, Defendants' motion to dismiss (doc. 18) is **DENIED as moot**.

[3]In addition to not filing a response to Defendants' summary judgment motion, Ward has failed respond to Defendants' motion to dismiss. N.D. Tex. R. 7.1(b) provides: "A response brief to an opposed motion must be filed within 20 days from the date the motion is filed." Ward's window of time to respond having expired, both motions are now ripe for adjudication even absent a response.

*Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case; rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075; *Latimer*, 919 F.2d at 303.

Once the movant has satisfied its burden, the non-movant must show that summary judgment is inappropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp.*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations' ... by 'unsubstantiated assertions,' ... or by only a 'scintilla' of evidence ...." *Little*, 37 F.3d at 1075 (internal citations omitted). To assess whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248; *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).

B.   *Standards for Plaintiff's Proceeding In Forma Pauperis*

There is an added wrinkle to the Court's analysis due to Ward's *pro se/in forma pauperis* status. Often, pro se litigants either fail to *adequately* respond to motions for summary judgment or wholly fail to respond. In such cases, the *pro se* plaintiff's failure to properly respond does not entitle the defendant to a "default" summary judgment. *Bookman v. Shubzda, et al.*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.). Ward has not responded at all to the Defendants' properly supported motion for summary judgment. Accordingly, the Defendants are not entitled to a "default" summary judgment. Nonetheless, the Court may consider the Defendants' evidence "undisputed." *Bookman*, 945 F. Supp. at 1004-005 (citing *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338,

1338 n.3 (5th Cir. 1996)). This is significant because upon the filing of a properly supported motion for summary judgment, the nonmoving party is obligated to respond with facts showing a genuine issue of for trial. *Celotex Corp.*, 477 U.S. at 324-25; *Bookman*, 945 F. Supp. at 1004. Ward's failure to meet this burden "mandates entry of summary judgement against [him]..." . *Bookman*, 945 F. Supp. at 1004-005. In the absence of proof from the *pro se* non-movant, courts may but are under no obligation to survey the record in search of evidence in favor of the non-responding plaintiff's case. *Jones*, 82 F.3d at 1338, 1338 n.3; *Bookman*, 945 F. Supp. at 1005; *Marshall v. Valdez*, Civil Action No. 3:02-CV-1668-B (N.D. Tex. Nov. 30, 2004) (Boyle, J.).

## III.

## ANALYSIS

As stated *supra*, Defendants move for summary judgment on two grounds. First, Defendants maintain that Ward's complaint seeks to hold Defendants vicariously liable for the actions of their employees. Because government entities are not liable on a theory of *respondeat superior*, the argument goes, Defendants cannot be accountable. Alternatively, Defendants insist that Ward never suffered a deprivation of his constitutional rights because the Defendants did not act with deliberate indifference. The Court will address each argument in turn.

A.   *Vicarious Liability*

In his amended complaint, Ward alleges that three unidentified employees of Defendants refused to provide Ward with medical care when he complained of his hernia. (Am. Compl. 2-4.) Ward continues to aver that these employees "acted willfully, abused their authority, [and] acted outside the rules, regulations[,] and policies set forth by their employer." (*Id.* at 3.) It is well settled in § 1983 jurisprudence that local governmental entities are not vicariously liable for the unlawful

actions of their employees. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-93 (1978); *Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (citing *Pierce v. Tex. Dep't of Criminal Justice*, 37 F.3d 1146, 1150 (5th Cir. 1994)); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Certainly § 1983 does not give a cause of action based on the conduct of subordinates"). Rather, for a governmental entity to incur liability for the actions of its employees, the employees' unlawful acts must be in furtherance of an official policy adopted or implemented by the entity. *See, e.g., Monell*, 436 U.S. at 690.

Here, Dr. Skinner, Dallas County Hospital District's Interim Medical Director of Jail Health service, has provided testimony, in the form of an affidavit, that it was not the custom or policy of Defendants to deny necessary medical care to inmates. (Def.s' Mot. for Summ. J. App. 355 (Aff. of Dr. Skinner).) Although Ward has not filed a response, the Court has reviewed the record, in particular his sworn complaint which alleges that the employees' actions were taken "outside the rules, regulations[,] and policies set forth by" Defendants. (Am. Compl. 3.) Ward's statements being sworn, are consequently punishable by penalty of perjury and tantamount to an affidavit offered pursuant to FED. R. CIV. P. 56(c). *See Bookman*, 945 F. Supp. at 1003. With this in mind, in light of all of the evidence on file with the Court, viewed in the light most favorable to Ward, the undisputed record, including Ward's own sworn statements, support the Defendants' position that it was not the official policy of Defendants to provide inadequate medical assistance. Therefore, Defendants' motion for summary judgment (doc. 22) should be and hereby is **GRANTED** because Defendants are not vicariously liable for the actions of their employees. *See Monell*, 436 U.S. at 690-93; *Celotex Corp.*, 477 U.S. at 375 (stating once summary judgment movant has satisfied its burden non-movant must come forward with evidence creating a genuine issue of material fact); *Bookman*,

945 F. Supp. at 1004-005 (stating that, although not required, courts may consider sworn testimony on record in favor of non-movant when no response on file out of abundance of caution).

B.  *Constitutional Violation*

As an alternative to their vicarious liability argument, Defendants insist they cannot be liable because Ward suffered no constitutional deprivation. Ward's claims are based upon the cruel and unusual punishment clause of the Eighth Amendment.[4] This clause requires jail officials to provide, *inter alia*, adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999); *Shockley v. Dallas County Hospital Dist.*, 2007 WL 1099642, at *1 (N.D. Tex. Apr. 11, 2007). "In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the 'unnecessary or wanton infliction of pain.'" *Shockley*, 2007 WL 1099642, at *1 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For a defendant to act with deliberate indifference, he must subjectively know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Significantly, malpractice or negligent care does not rise to the level of deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis on which to predicate a section 1983 action")).

In the instant action, the undisputed facts, as revealed by both Defendants' summary

---

[4]"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. am. VIII.

judgment evidence and Ward's sworn complaint, show that Ward was seen in the jail infirmary on multiple occasions to address his complaints about his inguinal hernia - a condition Ward was diagnosed with more than five years prior to his incarceration, which Ward himself failed to treat. (Def.s' Br. in Supp. of Mot. for Summ. J. App. 349-55.) It is further undisputed that, although Ward's hernia did not present an emergency situation, Ward's treating physicians submitted requests for surgical consultations to Parkland. (*Id.* at 352-53.) Indeed, on one occasion, Dr. Azeem even sent Ward to the emergency room where doctors affirmed the prior prognosis - Ward's hernia presented no emergency need for surgery. (*Id.* at 353-55.) These undisputed facts, viewed in the light most favorable to Ward, fall grossly shy of the "extremely high" deliberate indifference standard required for a claim of inadequate medical care. *See Domino*, 239 F.3d at 756; *see also Stewart*, 174 F.3d at 534-36 (finding no deliberate indifference where doctors treated inmate plaintiff's decubitus olcers, which ultimately resulted in plaintiff's death, even though doctors did not follow recommendation of outside hospital physician and knew nursing staff was not fully complying with their directives). Defendants having revealed a lack of evidence as to an essential element in Ward's claim, it falls upon Ward, as the party bearing the burden of proof at trial, to point to a genuine issue of material fact at the summary judgment stage. *See Celotex Corp.*, 477 U.S. at 374-75; *Bookman*, 945 F. Supp. at 1004. Although not required to do so, the Court, with an eye toward achieving a just result in this action, *see* FED. R. CIV. P. 1, has examined all evidence on file with the Court for a genuine issue for trial. Considering the evidence in the light most favorable to Ward, Ward cannot show Defendants' doctors were aware of a substantial risk to Ward's health and failed to address it. Accordingly, Defendants' motion for summary judgment should be and hereby is **GRANTED**.

**IV.**

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (doc. 22) is **GRANTED**, and Defendants' motion to dismiss (doc. 18) is **DENIED as moot**.

**SO ORDERED.**

**DATED May 21, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE